**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WATERSCAPE RESORT LLC, | ) | Case No. 11- 11593 (SMB) |
| | ) | |
| Debtor. | ) | |
| PAVARINI MCGOVERN, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| - against- | ) | Adv. Proc. No. 11-02248 (SMB) |
| | ) | |
| WATERSCAPE RESORT LLC, 45 INMEX, | ) | |
| CORP, CATMEX 45, CORPORATION, | ) | |
| GEMSTONE 45 LLC, SALIM ASSA A/K/A | ) | |
| SOLLY ASSA, EZAK ASSA, ELIAS | ) | |
| HANONO, JACOBO HANONO, SIMON | ) | |
| MASRI, SALOMON MASRI, EZRA TAWIL, | ) | |
| US BANK NATIONAL ASSOCIATION, | ) | |
| USB CAPITAL RESOURCES, INC. f/k/a | ) | |
| USB CAPITAL FUNDING CORP., and | ) | |
| JOHN | ) | |
| DOES Nos. 1 through 20, | ) | |
| | ) | |
| Defendants. | ) | |

---

### WATERSCAPE RESORT LLC, SALIM ASSA, AND EZAK ASSA'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO WITHDRAW THE BANKRUPTCY ADVERSARY PROCEEDING CASE TO THE DISTRICT COURT

---

Silverberg P.C.
320 Carleton Ave., Suite 6400
Central Islip, New York 11722
Tel: (631) 778-6077
Fax: (631) 778-6078

## INTRODUCTION

Waterscape Resort LLC ("Waterscape"), Salim Assa, and Ezak Assa (collectively the "Waterscape Defendants"), respectfully submit this brief, pursuant to 28 U.S.C. § 157(d), Federal Rule of Bankruptcy Procedure 5011, and Local Bankruptcy Rule, Rule 5011-1, for an order withdrawing the present bankruptcy adversary proceeding to District Court.

## PRELIMINARY STATEMENT

The present matter is a non-core proceeding that is trial ready.  All parties seek a trial by jury.  The Waterscape Defendants, however, do not consent to the bankruptcy court's jurisdiction over a jury trial.

All bankruptcy issues in this matter were resolved long ago in April 2014 when Waterscape made final payment under the bankruptcy plan to plaintiff Pavarini McGovern, LLC ("Pavarini").

At the same time, Pavarini brought an adversary proceeding against Waterscape seeking punitive damages.

Pavarini was Waterscape's construction manager for the construction of a 45-story hotel and condominium on West 45th Street New York City.  Pavarini claims that the Waterscape Defendants diverted construction loan funds for non-construction purposes.  Under New York State Lien Law Article 3-A, construction loan funds are deemed statutory trust funds.  Pavarini seeks punitive damages against the Waterscape Defendants for diverting New York Lien Law Article 3-A trust funds.

Discovery is complete and the case is trial ready.

On April 18, 2023, the Honorable Judge David Jones, SDNY Bankruptcy Court, issued the following Order:

> The case is trial ready and needs to be resolved as promptly as possible. The Court is prepared to set the matter for trial, but the parties have informed the Court that they agree the matter should be tried by a jury but do not consent to trial of the case by this Court or entry of final judgment by this Court. [ECF No. 377]. Therefore, the parties are to determine the procedural next steps necessary to have the case tried by the United States District Court for the Southern District of New York and to docket whatever papers they deem appropriate no later than May 19, 2023.

Pursuant to Judge Jones' direction, the Waterscape Defendants hereby makes the present motion to ask the District Court to withdraw the matter to the District Court.

## STATEMENT OF FACTS

In June 2007, Waterscape was the developer of property known as 66-70 West 45th Street, New York, New York.  (Bank. Ct. ECF Doc. 357.)

In June 2007, Waterscape obtained a construction loan to fund the Project.  Waterscape would eventually draw down $88,541,610 from the construction loan.  (Bank. Ct. ECF Doc. 357.)

In June 2007, Waterscape (as Owner) and Pavarini (as Construction Manager) entered into a Construction Management Agreement for construction on the property of a new 45-story hotel and residential condominium building.  (Bank. Ct. ECF Doc. 357.)

Disputes arose between Waterscape and Pavarini.  On September 27, 2010, Waterscape terminated Pavarini.  (Bank. Ct. ECF Doc. 357, Para. 13.)

On April 5, 2011, to deal with numerous claimants efficiently, including Pavarini, and including Pavarini's subcontractors who had filed mechanic's liens, Waterscape filed for relief under Chapter 11 of the United States Code.  (Bank. Ct. ECF Doc. 357.)

On June 10, 2011, Pavarini commenced an adversary proceeding seeking damages for breach of trust under New York Lien Law Article 3-A.   (Bank. Ct. ECF Doc. 1.)

On July 21, 2011, the Bankruptcy Court confirmed Waterscape's Second Amended Plan of Reorganization (the "Plan").  (Bank. Ct. ECF Doc. 357, Para. 24.)

The Plan provided that Waterscape pay its creditors with proceeds of the sale of the hotel portion of the Project and from the proceeds of other assets.  (Bank. Ct. ECF Doc. 357, Para. 25.)

As required under the Plan, Waterscape sold the hotel portion of the Project and placed $11 million of the sale proceeds in a trust account for paying the claims of Pavarini and various trade contractors.  (Bank. Ct. ECF Doc. 357, Para. 26.)

On April 24, 2014, per the Bankruptcy Court's order, Waterscape made final payment to Pavarini.  (Bank. Ct. ECF Doc. 357, Para. 34.)

On December 22, 2014, in the adversary proceeding, Pavarini filed an amended complaint with a jury demand seeking punitive damages.  (Bank. Ct. ECF Doc. 199.)  On January 2, 2015, the Waterscape Defendants filed answers with jury demands.  (Bank. Ct. ECF Doc. 202 and 203.)

On April 18, 2023, the Honorable Judge David Jones, SDNY Bankruptcy Court, issued the following Order:

> The case is trial ready and needs to be resolved as promptly as possible. The Court is prepared to set the matter for trial, but the parties have informed the Court that they agree the matter should be tried by a jury but do not consent to trial of the case by this Court or entry of final judgment by this Court. [ECF No. 377].  Therefore, the parties are to determine the procedural next steps necessary to have the case tried by the United States District Court for the Southern District of New York and to docket whatever papers they deem appropriate no later than May 19, 2023.

(Bank. Ct. ECF Doc. 378.)

## **LEGAL ARGUMENT**

### **THIS IS A NON-CORE CASE FOR WHICH**
### **THE PARTIES SEEK A JURY TRIAL AND THEREFORE**
### **THE CASE SHOULD BE REMOVED TO DISTRICT COURT**

This matter should be withdrawn to the District Court because this is a non-core matter where the parties seek a jury trial.

28 U.S. Code § 157 states:

> (d)The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. . . .

> (e)If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties.

Fed. Rules of Bankruptcy Procedure, Rule 5011(a), states: "A motion for withdrawal of a case or proceeding shall be heard by a district judge."

"[T]he constitution prohibits bankruptcy courts from holding jury trials in non-core matters." (*Orion Pictures Corp. v Showtime Networks (In re Orion Pictures Corp.)*, 4 F3d 1095, 1101 [2d Cir 1993].)

Core proceedings involve issues of the administration of the bankruptcy estate, as opposed to such things as pre-petition contract related claims. (*Id*. at 1102 ("Congress intended § 157(b)(2)(A)'s designation of matters relating to the administration of the estate as core . . . [and a] breach-of-contract action by a debtor against a party to a pre-petition contract . . . is non-core.").)

The present adversary proceeding does not involve the administration of the estate. It arises out of a pre-petition contract. The case involves a claim under New York State statutory

law.  As such, this matter is a non-core case.  As noted by Hon. Judge Jones, this matter is "trial

ready."   The Waterscape Defendants have not consented to the bankruptcy court's jurisdiction.

As such, the adversary action should be withdrawn to the District Court.


## CONCLUSION

Waterscape respectfully requests that this Court grant the Waterscape Defendants' motion

to withdraw the case to the District Court.


Dated: Central Islip, New York
        May 11, 2023

Respectfully submitted,

/s/ Karl Silverberg
Silverberg P.C.
320 Carleton Ave., Suite 6400
Central Islip, New York 11722
Tel: (631) 778-6077
Fax: (631) 778-6078
ksilverberg@silverbergpclaw.com
*Attorney for Waterscape Resort*